**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 1:11-cr-00052-MCE |
| Plaintiff, | **ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** (Doc. 220) |
| v. | |
| **KAY VIENGKHAM,** | |
| Defendant. | |

    The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in her sentence on the basis of Amendment 782 to the Sentencing Guidelines which revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10. The Court hereby denies the motion.

    Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

    However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the

defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A district court's authority to modify a sentenced is constrained by the Sentencing Commission. Dillon v. United States, 130 S.Ct. 2691 (2010).

In this case, the Court found a base a base offense level of 24 for the amount of marijuana involved the case, and a criminal history category of II. The adjusted offense level of 24 provided for a guideline range of 57 to 71 months. However, due to the mandatory minimum sentence, the guideline range became 60 to 71 months pursuant to 5G1.1(c)(2). The Court sentenced the defendant to the 60-month mandatory term of imprisonment on June 1, 2012.

Amendment 782 has not reduced the guideline range applicable in the defendant's case. While the drug quantity table has reduced his base offense level, the bottom of the defendant's sentencing guideline is still the 60-month mandatory minimum sentence pursuant to U.S.S.G. § 5G1.1(c)(2). Therefore, the defendant's sentencing range has not changed. The Ninth Circuit agrees that where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. United States v. Leniear, 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules).

The defendant's motion pursuant to Section 3582 is hereby denied.

IT IS SO ORDERED.

Dated: __January 15, 2015__         ____/s/ Lawrence J. O'Neill____
                                          UNITED STATES DISTRICT JUDGE