UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:11-cr-00052-MCE-4 |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| KAY VIENGKHAM, | |
| Defendant. | |

On June 1, 2012, the Court sentenced Defendant Kay Viengkham ("Defendant") to a term of 60 months imprisonment, ECF No. 178, after a jury found her guilty of conspiracy to cultivate, distribute, and possess with the intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and possession of marijuana with the intent to distribute or aiding and abetting the possession of marijuana with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2, ECF No. 152.

On December 8, 2014, Defendant, proceeding pro se, filed a motion under 18 U.S.C. § 3582(c)(2) ("Motion"), seeking a reduction in her sentence on the basis of Sentencing Guidelines Amendment 782. ECF No. 220. Defendant's motion was referred to the Probation Office and Office of the Federal Defender pursuant to Eastern District of California General Order No. 546. ECF No. 223. Following referral, no counsel entered an appearance on Defendant's behalf. Pursuant to the Court's referral

order, the Government filed a response opposing the Motion.  For the following reasons, the Motion is DENIED.

Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Amendment 782, which revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the offense level applicable to many drug offenses, became effective on November 1, 2014.  Moreover, the Sentencing Commission voted to make Amendment 782 retroactively applicable to previously-sentenced defendants.  Thus, on its face it appears the Court may be authorized to modify Defendant's sentence. However, the Court is constrained by U.S.S.G. § 1B1.10(a)(2)(B), which states that "[a] reduction in [a] defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

In this case, the Court found a base offense level of 24 based on the amount of marijuana involved and a criminal history category of II, resulting in an advisory guideline range of 57-71 months.  However, because Defendant was subject to a 60-month mandatory minimum sentence, the guideline range became 60-71 months pursuant to U.S.S.G. § 5G1.1(c)(2).  The Court sentenced Defendant to the 60-month mandatory minimum.

Thus, due to the mandatory minimum effective in this case, Amendment 782 has not reduced the guideline range applicable to Defendant.  Although the change to the drug quantity table has reduced her base offense level, the low end of Defendant's sentencing guideline range remains the 60-month mandatory minimum sentence.

///

///

///

Accordingly, Defendant cannot benefit from Amendment 782 and the Motion, ECF No. 220, is DENIED.

IT IS SO ORDERED.

Dated: January 21, 2015

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT